**Jon P. Stride**, OSB No. 903887
  Direct Dial: 503.802.2034
  Fax: 503.972.3734
  Email: jon.stride@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

**Christopher J. Renk** (to be admitted *pro hac vice*)
  Email: crenk@bannerwitcoff.com
**Janice V. Mitrius** (to be admitted *pro hac vice*)
  Email: jmitrius@bannerwitcoff.com
**Erik S. Maurer** (to be admitted *pro hac vice*)
  Email: emaurer@bannerwitcoff.com
**Michael J. Harris** (to be admitted *pro hac vice*)
  Email: mharris@bannerwitcoff.com
**Aaron Bowling** (to be admitted *pro hac vice*)
  Email: abowling@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, IL  60606
Tel: 312.463.5000
Fax: 312.463.5001

Attorneys for Plaintiff NIKE, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| **NIKE, INC.**, an Oregon Corporation,<br><br>    Plaintiff,<br>    v.<br><br>**DBV DISTRIBUTION, INC.**, a Delaware corporation; and<br>**DRAGON BLEU, SARL,** an entity existing under the laws of France,<br><br>    Defendants. | Civil No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND CANCELLATION OF TRADEMARKS**<br><br>**DEMAND FOR JURY TRIAL** |

PAGE 1 – COMPLAINT

NIKE, Inc. ("NIKE") for its complaint against DBV Distribution, Inc. ("DBV") and Dragon Bleu SARL ("Dragon Bleu") (collectively, "Defendants") alleges as follows:

## The Parties

1. NIKE is a corporation organized and existing under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

2. On information and belief, DBV is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4801 West 147th Street, Hawthorne, California 90250.

3. On information and belief, Dragon Bleu is an entity organized and existing under the laws of France with a place of business at 141 avenue de Verdun, F-92130 Issy les Moulineaux, France, and a registered office at Pare Tertiaire Silic, 5-7 rue du Sagittaire BP 20158, 94533 Rungis, France.

## Jurisdiction and Venue

4. This is an action for trademark infringement, false designation of origin, unfair competition, and cancellation of trademarks. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("Lanham Act") and the common law of the State of Oregon.

5. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6. This Court may exercise personal jurisdiction over Defendants because, on information and belief, Defendants have advertised, offered for sale, sold, and/or distributed merchandise to persons within the State of Oregon, including at least merchandise at issue in this action.

7. Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391(b)(2).

## General Allegations – NIKE's Trademarks

8. NIKE is the world's leading designer, marketer, and distributor of authentic athletic footwear, apparel, equipment, and accessories for a wide variety of sports and fitness activities.

9. NIKE has used and promoted the mark VENOM throughout the United States in connection with athletic apparel and equipment since at least 2002. Illustrations 1 through 4 below show examples of NIKE's use of the mark VENOM.



Illustration 1. Example of NIKE's use of VENOM



Illustration 2. Example of NIKE's use of VENOM

PAGE 3 – COMPLAINT



Illustration 3.  Examples of NIKE's use of VENOM



Illustration 4.  Examples of NIKE's use of VENOM

10. NIKE has advertised, offered for sale, sold, and/or distributed athletic apparel and equipment with the mark VENOM through its own retail stores and through a variety of retailers including, for example, The Sports Authority, Foot Locker, and independent retailers of all sizes

PAGE 4 – COMPLAINT

throughout the country.

11. Because of NIKE's use and promotion of the mark VENOM throughout the United States in connection with athletic apparel and equipment, consumers have come to associate VENOM as a source identifier of NIKE and NIKE owns trademark rights in the mark VENOM.

12. NIKE owns U.S. Trademark Registration Number 2,969,824 ("'824 Registration") for VENOM for sports equipment, namely softball bats. NIKE filed the application for the '824 Registration on April 23, 2003, and it registered on July 19, 2005. NIKE has attached a copy of the '824 Registration to this Complaint as Exhibit A.

13. NIKE also owns common law trademark rights in VENOM in connection with athletic apparel and equipment. NIKE's federal and common law trademark rights in VENOM are collectively referred to in this Complaint as the "VENOM Marks."

### General Allegations – Defendants and Their Unlawful Activity

14. Defendants advertise, offer to sell, sell, and/or distribute athletic apparel and equipment, including athletic apparel and equipment for mixed martial arts and related sports.

15. On information and belief, Defendants operate websites at http://www.venumfight.com and http://www.dragonbleu.fr, from which Defendants advertise, offer to sell, sell, and/or distribute athletic apparel and equipment to customers around the world, including in the United States.

16. Defendants advertise, offer to sell, sell, and/or distribute athletic apparel and equipment in the United States bearing the mark VENUM (the "Infringing Products"). Illustration 5 below show examples of Defendants' Infringing Products.

PAGE 5 – COMPLAINT



Illustration 5. Example Infringing Products

17. NIKE used its VENOM Marks years before Defendants began advertising, offering to sell, selling, or distributing Infringing Products in the United States.

18. NIKE has never authorized Defendants to advertise, offer to sell, sell, or distribute Infringing Products in the United States.

19. Defendants intentionally attempt to draw associations between NIKE and Defendants. For example, in addition to Infringing Products, Defendants advertise, offer to sell,

sell, or distribute authentic NIKE product on their websites. As of the filing date of this Complaint, Defendants were offering at least eleven different styles of NIKE boxing shoes at http://www.dragonbleu.fr. Illustration 6 below shows a screenshot of the website.



Illustration 6. Screen shoot of Defendants' Website

20. On information and belief, Defendants also intend to expand their use of VENUM in the United States, including expanding their use into athletic apparel and equipment outside of mixed martial arts and related sports.

### General Allegations – Defendants' Contradictory Positions
### Regarding VENOM and VENUM Trademarks

21. On November 24, 2008, several years after NIKE began using the VENOM Marks in the United States and several years after NIKE obtained the '824 Registration in the United States, Dragon Bleu filed a trademark application with the U.S. Trademark Office for a mark consisting of the word VENUM and a design of a snake's head. The U.S. Trademark Office assigned the application serial number 79063381 (the "VENUM Application").

PAGE 7 – COMPLAINT

22. The U.S. Trademark Office initially refused registration for the VENUM Application based on a registration for VENOM that pre-dated Dragon Bleu's filing date. The earlier registration was for VENOM in connection with "ski and snowboard wear." The U.S. Trademark Office stated, "[a] consumer encountering the mark VENUM in connection with [Dragon Bleu's] athletic and non-athletic [products] will incorrectly believe that the goods originate from the same source as the registrant's athletic clothing [and] [a]s a result, because of the confusingly similar marks and closely related and potentially identical goods, registration is refused."

23. In response to that rejection, Dragon Bleu argued, *inter alia*, that there is no likelihood of confusion between its VENUM Application and the earlier VENOM registration. Specifically, Dragon Bleu argued that its "VENUM (plus design) mark is not likely to cause confusion with the cited registration for VENOM because both marks are specifically and narrowly directed to clothing used in connection with the entirely unrelated sports of skiing and martial arts respectively, especially when cited mark coexists with a number of registered VENOM-formative marks for other sporting goods. Given the different natures of the goods, the different sets of interests that these sports appeal too, and the different channels of trade, the marks are sufficiently distinct to make confusion unlikely."

24. Dragon Bleu also referenced NIKE's '824 Registration in response to the U.S. Trademark Office's rejection. Dragon Bleu argued, "identical marks are allowed to coexist for sporting goods associated with different sports. Indeed, the VENOM mark itself is widely used in the sporting goods industry, and is registered by different parties in connection with the sports of baseball, cycling, billiards, and sport shooting. See Ex. A (collecting registrations for VENOM for use in connection with baseball bats, bicycles, billiard cues, and rifle scopes). . . .

Moreover, to the extent that Applicant's goods may be available at the department store-like sporting goods stores, such as Sports Authority or Dicks Sporting Goods, they will be in different departments, and thus are unlikely to be encountered by the same consumers. . . . Also, consumers at these stores are readily able to distinguish between VENOM marks in different departments, as they will very likely also encounter VENOM baseball bats (Reg. No. 2,969,824), VENOM bicycles (Reg. No. 3,000,634), VENOM billiard cues (Reg. No. 3,577,338), and VENOM rifle scopes (Reg. No. 3,858,110)."

25. The U.S. Trademark Office registered Dragon Bleu's VENUM Application based, at least in part, on Dragon's Bleu's arguments regarding no likelihood of confusion between its VENUM Application and earlier VENOM registrations such as NIKE's '824 Registration.

26. Dragon Bleu has also filed trademark applications for the word VENUM in other countries. Dragon Bleu's trademark applications include applications for the word VENUM with snake imagery, as well as applications for the word VENUM on its own without any snake imagery. In this Complaint, NIKE refers to all of Dragon Bleu's trademark applications and registrations that include the word VENUM as the "DB Marks."

27. Just as in the United States, pre-existing registrations for VENOM and/or VENUM did not stop Dragon Bleu from filing trademark applications for VENUM in other countries. Dragon Bleu filed trademark applications for VENUM in at least Brazil, China, Paraguay, and Peru even though registrations for VENOM and/or VENUM already existed in those countries prior to Dragon Bleu's filing dates.

28. Thus, Dragon Bleu has represented to the U.S. Trademark Office and other trademark offices around the world that "identical marks are allowed to coexist for sporting goods associated with different sports."

29. Despite those representations, Dragon Bleu is now taking the exact opposite position in other trademark offices and courts around the world.

30. In May of 2013, NIKE introduced a soccer boot bearing the mark HYPERVENOM. NIKE filed trademark applications on the mark HYPERVENOM. Dragon Bleu has filed oppositions to NIKE's applications in several countries, including in at least Colombia, Europe (CTM), Japan, Malaysia, Singapore, and Switzerland. In those oppositions, Dragon Bleu contends NIKE should not be permitted to register HYPERVENOM for soccer boots because there is a likelihood of confusion between NIKE's use of HYPERVENOM on soccer boots and Dragon Bleu's use of VENUM on apparel and equipment for mixed martial arts and related sports.

31. In addition, on November 21, 2013, Dragon Bleu filed a lawsuit against NIKE in France seeking a preliminary injunction. In that lawsuit, Dragon Bleu alleges, *inter alia*, that NIKE infringes its VENUM marks in France and Europe because NIKE offers soccer boots with the mark HYPERVENOM. Dragon Bleu argues that the HYPERVENOM and VENUM marks are practically identical and that consumers are likely to be confused by NIKE's use of HYPERVENOM on soccer boots and Dragon Bleu's use of VENUM on apparel and equipment for mixed martial arts and related sports.

32. NIKE denies Dragon Bleu's allegations in its trademark oppositions and its French lawsuit, and NIKE particularly denies that NIKE's use of HYPERVENOM on soccer boots is likely to cause any confusion with Dragon Bleu's use of VENUM on apparel and equipment for mixed martial arts. Indeed, NIKE believes that it and Dragon Bleu may co-exist in Europe without any likelihood of confusion.

33. Nonetheless, Defendants cannot have it both ways. Defendants cannot, on one

PAGE 10 – COMPLAINT

hand, oppose NIKE's HYPERVENOM applications around the world and allege that NIKE's use of HYPERVENOM on soccer boots infringes its DB Marks, and then on the other hand argue that their use of VENUM on apparel and equipment for mixed martial arts and related sports in the United Stated does not infringe NIKE's VENOM Marks in the United States.

### Count I: Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))

34. NIKE re-alleges each and every allegation set forth in paragraphs 1 through 33 above, inclusive, and incorporates them by reference herein.

35. NIKE owns federal and common law trademark rights in VENOM.

36. Defendants' advertisement, offer to sell, sale, and/or distribution of Infringing Products violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Defendants' use in commerce of VENUM in connection with the sale, offering for sale, distribution, and/or advertising of athletic apparel and equipment is likely to cause confusion, or to cause mistake, or to deceive.

38. Defendants' use of VENUM has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the VENOM Marks.

39. On information and belief, Defendants' use of VENUM has been intentional, willful, and malicious.

40. NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Count II:  False Designation of Origin/Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

41. NIKE re-alleges each and every allegation set forth in paragraphs 1 through 33 above, inclusive, and incorporates them by reference herein.

42. NIKE owns federal and common law trademark rights in VENOM.

43. Defendants' advertisement, offer to sell, sale, or distribution of Infringing Products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants' use in commerce of VENUM in connection with athletic apparel and equipment is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with NIKE, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by NIKE.

45. Defendants' use of VENUM has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the VENOM Marks.

46. On information and belief, Defendants' use of VENUM has been intentional, willful, and malicious.

47. NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count III: Common Law Trademark Infringement and Unfair Competition

48. NIKE re-alleges each and every allegation set forth in paragraphs 1 through 33 above, inclusive, and incorporates them by reference herein.

49. NIKE owns federal and common law trademark rights in VENOM.

50. Defendants' advertisement, offer to sell, sale, or distribution of Infringing Products constitutes common law trademark infringement and unfair competition.

51. Defendants' use of VENUM is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with NIKE, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by NIKE.

52. Defendants' use of VENUM has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the VENOM Marks.

53. On information and belief, Defendants' use of VENUM has been intentional, willful, and malicious.

54. NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Defendants' profits, actual damages, punitive damages, costs, and reasonable attorney fees.

### Count III: Cancellation of Trademarks

55. NIKE re-alleges each and every allegation set forth in paragraphs 1 through 33 above, inclusive, and incorporates them by reference herein.

56. Dragon Bleu's U.S. trademark registrations for VENUM consist of or comprise a mark which resembles NIKE's '824 Registration for VENOM, and which are likely, when used on or in connection with Dragon Bleu's athletic apparel and equipment, to cause confusion, or to cause mistake, or to deceive.

57. Pursuant to at least 15 U.S.C. § 1119, NIKE is entitled to an order cancelling Dragon's Bleu's registrations for VENUM, including at least U.S. Trademark Registration Nos. 3896673, 3927787, 4017907, and any registration that results from Application No. 79124129.

PAGE 13 – COMPLAINT

## Jury Demand

NIKE demands a trial by jury.

## Relief Sought

WHEREFORE, NIKE respectfully prays for:

A.  Judgment that Defendants have (i) willfully infringed the VENOM Marks in violation of § 1114 of Title 15 in the United States Code, (ii) willfully used false designations of origin/unfair competition in violation of § 1125(a) of Title 15 in the United States Code, and (iii) willfully infringed the VENOM Marks and engaged in unfair competition in violation of the common law of Oregon;

B.  An injunction prohibiting Defendants and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, and unfair competition of the VENOM Marks, including at least from selling, offering to sell, distributing, or advertising Infringing Products, or any other products that use the mark VENUM;

C.  An order directing the destruction of all Infringing Products, or any other products that use the mark VENUM in Defendants' possession or control, including the destruction of all advertising materials related to the Infringing Products in Defendants' possession or control, including on the Internet;

D.  Cancellation of U.S. Trademark Registration Nos. 3896673, 3927787, 4017907, and any registration that results from Application No. 79124129, under 15 U.S.C. § 1119;

E.  An award of Defendants' profits, actual damages, enhanced profits and damages, punitive damages, costs, and reasonable attorney fees; and

F.  Such other and further relief as this Court deems just and proper.

Dated: January 8, 2014

Respectfully submitted,

*[signature]*

Jon P. Stride, OSB No. 903887
TONKON TORP LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099
Telephone: (503) 802-2034
Facsimile: (503) 972-3734
jon.stride@tonkon.com

Christopher J. Renk
Janice V. Mitrius
Erik S. Maurer
Michael J. Harris
Aaron Bowling
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
crenk@bannerwitcoff.com
jmitrius@bannerwitcoff.com
emaurer@bannerwitcoff.com
mharris@bannerwitcoff.com
abowling@bannerwitcoff.com

Attorneys for Plaintiff,
NIKE, Inc.

097204/00001/5187934v1

PAGE 15 – COMPLAINT